# UNITED STATES
*v.*
# GREGORIO MULERO.

San Juan, Criminal, No. 396.

RAPE ON THE HIGH SEAS.

1. Penetration, accompanied by lack of consent by the woman and force
   or intimidation by the man, is necessary to constitute the crime of rape.
2. Federal courts have jurisdiction of cases of rape on the high seas or
   otherwise within the maritime jurisdiction of the court.
3. Previous unchastity of the woman is not a defense, and affects her
   credibility only.
4. "Reasonable doubt" defined.

Case tried April 28, 1908.

*José R. F. Savage,* United States Attorney, for plaintiff.

*Mr. Edward S. Paine* and *Mr. Domingo Massari,* attorneys
for defendant during first trial.

*Mr. Wm. H. Hawkins,* attorney for defendant, second trial.

Instructions by RODEY, Judge:

## Statement.

This case was tried twice, resulting each time in a mistrial,
the jury failing to agree.   The defendant, after the second

United States v. Mulero.

trial, and after having been in jail many months, was released on his own recognizance. The facts developed by the evidence tended to·show that defendant was godfather of the prosecutrix. That he took her from the east end of the island of Porto Rico to Ponce, in his boat. That later he proceeded to take her back to the east end of the island again. That during the trip, and while a sailor, the only other person on the boat, was aft attending to the steering and sailing of the small vessel, defendant induced prosecutrix to go below on some excuse or other, and, while there, committed the assault and rape upon her. There were many details leading up to the alleged commission of the crime that need not be here stated. Defendant then put prosecutrix on shore on a deserted island or little peninsula, from which she was taken to another island by some fishermen, and later by others, to the mainland of the island of Porto Rico, when she walked quite a distance to her aunt's house, arriving there bearing evidence of having been assaulted or otherwise treated badly. Defendant denied the commission of the crime *in toto,* and the sailor or boatman, who was with him, in a measure corroborated this by denying that he heard any outcry or saw any assault committed, and by denying many other alleged facts in the case.

Many other details were admitted in evidence as part of the *res gestæ,* that it is not necessary here to detail, but some additional facts and circumstances may be gathered or inferred from the instructions to the jury.

RODEY, Judge, omitting some of the formal parts, gave the following instructions to the jury:

The court congratulates you and itself on the fact that all the evidence in this cause and the arguments are now before

United States v. Mulero.

you. All the trials you have been on during the term heretofore have been civil cases, where you were not put to the inconvenience of being kept together; but it is a custom as old as the jury system that, in cases of this serious nature, such must be done.

The court desires to warn you against being misled by anything that has occurred in the trial between the court and counsel or between the court and any witness, because such things are no indication to you of what your verdict should be. You are the sole judges of the facts, as will be herein indicated to you, and you must weigh the evidence as sensible men, in the light of the reasonableness of the things testified to, if you believe there is both true and false testimony in the case. In doing this, you must compare what you may think is improbable testimony with what is manifestly, and you know is certainly, the truth. Trials of this kind are expensive and annoying to both the government and the defendant, as well as to jurors in the cause; and it is therefore hoped that you will arrive at a verdict in the case; but this statement is not intended to induce any juror to give up his opinion to that of any other juror unless he believes, after reasoning and arguing it out, that he ought to do so. The law, as will be shown you later in these instructions, gives you the right, should you believe that the facts in this particular case warrant it, to return a verdict without capital punishment, and the court will be obliged to obey you in that regard.

This is a prosecution by the United States against Gregorio Mulero, the defendant, charging him by indictment with having, on the 21st day of September, 1907, on the high seas, and within the jurisdiction of this court, and within the admiralty and

United States v. Mulero.

maritime jurisdiction of the United States of America, while on a certain vessel known as the "Joven Naulina," feloniously and violently, made an assault upon one Genoveva Rodriguez, and then and there feloniously, with force and arms, and against her will, ravishing and carnally knowing her, she not being then and there his wife. The indictment was returned into this court on the 14th day of November, 1907, and you are instructed that it is sufficient in law for the government to prove that the crime was committed at any time within two years previous to the finding of the indictment.

The charge is what is known in the law as the crime of rape, and it consists in the carnal knowledge by a man of a woman not his wife, forcibly, unlawfully, and feloniously, against her will. Of course, to commit the crime at all, as charged in the indictment, is to commit it feloniously, because the commission of the act with the consent of the prosecutrix at any time before its consummation is not rape, because it must be by force and against the will of the prosecutrix, and she must have resisted the perpetration of the crime upon her with all her might and strength, to the best of her ability, unless you believe, beyond a reasonable doubt, that she was put in such fear because of the power the defendant had over her by being her godfather, or by the acts or threats of the defendant, as to prevent her from offering such resistance. The penetration of the female organ by the organ of the male to some extent must be proved beyond a reasonable doubt, or the crime is not committed; and unless you believe, beyond a reasonable doubt, on the evidence, that the crime was so committed in the manner described, you should find the defendant not guilty.

The section of the law under which the indictment is found reads as follows: "Every person who, within any of the places

United States v. Mulero.

or upon any of the waters specified in section 5339, commits the crime of rape, shall suffer death." [U. S. Rev. Stat. § 5345, U. S. Comp. Stat. 1901, p. 3630].

Section 5339 enumerates the places where the crime must be committed in order to give to this court jurisdiction, as follows: "Upon the high seas, or in any arm of the sea, or in any river, haven, creek, basin, or bay within the admiralty and maritime jurisdiction of the United States, and out of the jurisdiction of any particular state." And you are instructed that all harbor areas and navigable waters in and surrounding Porto Rico are within the admiralty jurisdiction of the United States. You are therefore instructed that, unless you believe, on the evidence, beyond a reasonable doubt, that the crime in question was so committed in such locality, you should acquit the defendant, because this court would, in that case, have no jurisdiction to try it; but, if it was committed in such a place, then this court is the only court that can try the case, and the insular courts have nothing to do with it.

You are instructed that previous unchaste character of the prosecuting witness, if you shall believe that any such fact has been proved, would only go to affect her credibility, or to the truth of her story, or as to lack of consent on the part of the prosecutrix, and not to excuse or justify the commission of a rape upon her person.

It may be well to admonish you that your duty in this sort of a case is the most serious and the most important that can be performed by any citizen; that is, to pass upon the life or death of a fellow being. You should therefore, without fear or favor, approach your deliberations in this case with a proper sense of its importance. And while, on the one hand, enforcing

the laws of your country, on the other hand, you must give the defendant the benefit of any reasonable doubt that may exist, and when you have arrived at a verdict, after finding the facts as here instructed, declare it without hesitation. No one has a right to question you for your action in this case. No one's conscience is bound by an oath but yours, and it is equally as important to protect the outraged law, if it has been outraged, as it is to protect the rights of the defendant, as he may be entitled to them under the facts as you may believe, beyond a reasonable doubt, that they exist in this case, and under these instructions as given you by the court.

Section 5345, imposing the penalty of death for the crime of rape, was amended by the acts of Congress of January 15, 1897, which provides that, in all cases where the accused is found guilty of the crime of murder or of rape under §§ 5339 or 5345 of the Revised Statutes of the United States, the jury may qualify their verdict by adding thereto "without capital punishment;" and whenever the jury shall return a verdict qualified as aforesaid, the person convicted shall be sentenced to imprisonment at hard labor for life.

As in every other case, you, of course, are the sole judges of the weight of the evidence and of the credibility to be given to the testimony of any witness, and the weight of a conclusion or deduction to be drawn from any fact or circumstance in the case, save where a conclusion involves a question of law, which you will, of course, receive from the court; and, if you believe that any witness has wilfully sworn falsely as to any material fact in the case, you may discredit the whole or any portion of such witness's testimony unless the same is corroborated by other facts or circumstances in the cause.

You must not forget that, in all criminal prosecutions insti-
tuted by the government of the United States, the defendant
is presumed to be innocent until he has been proved to be guilty
beyond a reasonable doubt.   In other words, the serious duty
you are to perform, should you find him guilty, is not imposed
upon your consciences until the government relieves you from
any compunctions from so finding him guilty, by proving his
guilt beyond such reasonable doubt; and, if you have such a
reasonable doubt of the defendant's guilt, you should acquit him.

In this case, contrary to the rule that has obtained in all the
civil cases you have been trying, where you could find a fact
or decide for the plaintiff or the defendant on a mere prepon-
derance of the evidence, you cannot find the defendant guilty
unless you believe him guilty beyond a reasonable doubt.   Much
controversy has arisen over the meaning of the phrase "a reason-
able doubt," and one of the best definitions that has been called
to our attention puts it in a negative way by saying that a
reasonable doubt is a reasonable doubt of the guilt of the defend-
ant that remains in your minds, as reasonable and sensible
men, after a thorough, full, fair, and impartial consideration
of all the evidence, facts, and circumstances in the case, and
not a mere possibility of his innocence.

It may be well to remind you also that, while it has been
well said that this sort of a charge is very easy to make against
any person, and is very hard to prove, and still harder to defend
against, still, when it has been proved before a jury beyond a
reasonable doubt, jurors have no more right to acquit the defend-
ant than they would have in the simplest sort of a case in which
sufficient proofs have been submitted.

It has been said that, in this sort of a prosecution, proofs

United States v. Mulero.

of the facts in the case are often largely circumstantial; but you are instructed that circumstantial evidence is just as good, and often better, than other sorts of evidence, when such circumstances fit in with all the proved facts in the case, and tend to show the guilt or innocence of the defendant. Your own recollection of the evidence is to be taken, rather than the statement of either counsel as to it, if there is any dispute about it.

You are further instructed that, in considering the weight to be given to the evidence of any particular witness, you may consider his or her age, manner, condition in life, and his or her mannerisms on the stand, as well as the interest which she or he may have in the result of the case, and the reasonableness or unreasonableness of the fact or facts testified to, when weighed with all the other evidence, facts, and circumstances in the case.

It is not for you or the court either to act against the law. We are both bound by it; and, if you believe, on the evidence, beyond a reasonable doubt, that this defendant has been proved to be guilty before you, you should so find him guilty, with or without capital punishment, as you may, in your discretion, deem best; and this without reference to whether you or the court may think that the punishment is or is not too severe. Wherever either of the counsel, in their arguments before you, have stated what their personal beliefs are, or have stated any alleged fact on their own authority, that was not sworn to by any witness on the stand before you, you must not receive that as evidence, nor must you let the fact that counsel on the one side or the other may have a personal desire to win this case affect your verdict in the least; because, in the first place, such action would be contrary to law, and next, would be contrary

United States v. Mulero.

to your oaths, because your own consciences alone are bound by a sacred oath to do justice between the government and this defendant.

You will be permitted to take the indictment, maps, certificates, and all other exhibits and papers that have been introduced in evidence before you, including these instructions, to your room for your deliberations.

There are but three things that you can do in this case. You may, on the evidence, as directed and limited by these instructions, find the defendant guilty without recommendation of any kind, or you may find him guilty with the recommendation as stated, "Without capital punishment,"—that is in your discretion, on the evidence; and you may find him not guilty. Therefore, three forms of verdict, to comply with these three possible findings, will be given you, annexed to these instructions, and, when you have arrived at a verdict, you will cause one of your number, to be selected for that purpose as foreman, to sign the verdict you find, and you all must then return it into court. The cause is with you, gentlemen.

Mistrial.